UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Aaron James Ralph, #271641                     Case No. 11-15097

        Plaintiff,                              District Judge Denise Page Hood

v.                                             Magistrate Judge R. Steven Whalen

Barbara Simpson, *et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

On November 17, 2011, Plaintiff Aaron James Ralph, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Presently before the Court are Plaintiff's December 28, 2011 *Motion for Summary Judgment* [Docket #11] and Defendants Barbara Sampson, Thomas Combs, Sonia Amos Warchock, Stephen DeBoer, Anthony King, Charles Brown, Amy Bonito, Abigail Callejas, Michael Eagen, Jane Price, Brian Shipman and David Fountain's January 27, 2012 *Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)* [Docket #12], which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that Defendants' motion be GRANTED, dismissing this action with prejudice.[1] For the same reasons, I recommend that Plaintiff's Motion for Summary Judgment be DENIED.

---

[1] Of course, to the extent that the District Court finds that the claims barred pursuant to the *Heck v. Humphrey* doctrine are not dismissible *with prejudice* on other grounds, they would be subject to dismissal *without* prejudice under Fed. R. Civ. P. 12(h)(3). *Murphy v. Martin,* 343 Fed. Supp.2d 603, 609 (E.D. Mich. 2004)(Hood, J.).

-1-

## I. FACTS

Plaintiff, incarcerated for two counts of first-degree criminal sexual conduct ("CSC") and one count of attempted second-degree CSC, alleges that his October 26, 2011 denial of parole by the Michigan Parole Board ("Parole Board") violated his due process rights under the Fourteenth Amendment, his Fifth Amendment right against self incrimination, and his First Amendment right to free speech. Specifically, he disputes the Parole Board's determination that parole should be denied because he did not take responsibility for his "sexually deviant conduct." *Docket #1,* pg. 7 of 20. The Parole Board determined that because of Plaintiff's denial of responsibility, he was not eligible for "risk reduction programming." *Id.* The Parole Board stated that "in the absence of completion" of the risk reduction program, the Board was "not assured" that Plaintiff would not represent a threat to the community. The denial notice stressed that the denial of parole was based on the fact that Plaintiff had not completed risk reduction programming. *Id.* at pg. 9 of 20.

Plaintiff disputes the Board's summation of his criminal history, alleging that he did not commit the crimes for which he was convicted. *Complaint,* ¶2. He claims that he has never been provided with the opportunity to participate in the risk reduction program. *Id.* at ¶5. He also alleges that the prerequisite to the program that he take responsibility for his actions violates his Fifth Amendment right against self incrimination. He alleges that the Board's "attempt to force [him] to admit to something he didn't do in order to gain the benefit of a parole[] implicates a liberty interest" and his "first Amendment right to profess his innocence without repercussion . . ." *Id.* at ¶7. Plaintiff, notes that at the time the lawsuit was filed, he had a Writ of Habeas Corpus petition pending based on the same facts. *Id.* at ¶6, Case no. 11-11284.

## II.    STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the complaint's sufficiency, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)).  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

556 U.S. at 679 (internal citations omitted).

## III.    ANALYSIS

Defendants argue that Plaintiff's present challenge to the Parole Board's decision is barred by *Heck v. Humphrey*, 512 U.S. 477, 487,114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

They contend that because granting Plaintiff's requested relief of being given parole would "necessarily imply the invalidity of his conviction or sentence," the Complaint must be dismissed.

In *Heck*, the Supreme Court held that to recover civil damages based on an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Where success in the civil suit "would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 750; 124 S.Ct. 1303, 1304 (2004). Plaintiff's request that the Court override the Parole Board's decision and grant him parole relates directly to the duration of his sentence and as such, is barred by *Heck*.

The Supreme Court has since held that *Heck* does not necessarily mandate the dismissal of a challenge to a parole board's actions in every case. In *Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242, 161 L.Ed.2d 253 (2005)*, the Court noted that the plaintiffs' successful challenges to the parole *procedures* would not necessarily result in their release, but rather would give them a new parole eligibility hearing, after which they might or might not be granted parole. *See also Adams v. Agniel,* 405 F.3d 643, 645 (8th Cir. 2005), where the court found that pursuant to *Dotson*, a parole challenge fell "within the narrow class of cases in which a prisoner can file a section 1983 action seeking equitable relief." Thus, to the extent that Plaintiff is challenging the Parole Board's requirement that he admit responsibility, and

seeks a new parole hearing without that requirement, his claim is not barred by *Heck*.

However, even assuming that the Complaint could be construed to challenge the Parole Board's procedures, Plaintiff has nonetheless failed to state a viable claim under § 1983. Plaintiff has no constitutionally protected liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal & Corrections,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). *The Sixth Circuit has held that "procedural statutes and regulations governing parole do not create federal procedural due process rights," and that "[t]he Michigan procedural limitations do not detract from the broad powers of the Michigan authorities to deny parole." Sweeton v. Brown, 27 F.3d 1162, 1164 -1165 (6th Cir. 1994). The Sweeton court also found that as "long as the parole discretion is broad, as in Michigan, 'the State has not created a constitutionally protected liberty interest' by enacting procedural rules." Id. "In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board." Juarez v. Renicom 149 F.Supp.2d 319, 322 (E.D.Mich. 2001) (internal citations omitted). "The Michigan parole statute does not create a right to be paroled." Id.; Hurst v. Dep't of Corr. Parole Bd., 119 Mich.App. 25, 28-29, 325 N.W.2d 615, 616 (1982).* While Plaintiff asserts that his incarceration is being "lengthened" by the denial of parole, he does not allege that that he is being held beyond the duration of his sentence. *Plaintiff's Motion for Summary Judgment,* 3, *Docket #11.*

Plaintiff relies on *King v. Davis,* 688 F. Supp. 2d 689 (E. D. Mich. 2009)(Tarnow, J.), which dealt with a similar scenario in which an inmate's ineligibility for parole, for all practical purposes, was premised on her refusal to admit responsibility for criminal sexual conduct. As in the present case, the denial of parole was based on her failure to participate in a risk prevention program, a prerequisite for which was a requirement that she admit her guilt. *King* reasons as follows:

> [D]efendant may not condition a benefit on the waiver of constitutionally protected rights, *Perry v. Sindermann,* 408 U.S. 593, 597, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), and a false admission of guilt surely would not facilitate

-5-

the penological goal of rehabilitation. Moreover, there is some disagreement as to whether an inmate's admission of guilt leads to rehabilitation. Although the Supreme Court has stated that "[a]cceptance of responsibility is the beginning of rehabilitation," *McKune v. Lile,* 536 U.S. 24, 47, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002), the Criminal Law Section of the State Bar of Michigan has taken the position that a "prisoner's assertion of innocence should not, standing alone, be a basis for denying parole," because "[t]here is not objective verifiable evidence that an 'assertion of innocence' by an inmate increases the likelihood of recidivism." State Bar of Michigan Public Policy Update, Vol. 6, Issue 47 (Nov. 17-23, 2008). *King,* 688 F. Supp. 2d at 692.

The *King* Court also found that the petitioner's Fifth Amendment right against self incrimination could be implicated for future criminal proceedings, noting that there were "no statute of limitations for first-degree criminal sexual conduct . . . and there were allegations at Plaintiff's trial that she sexually abused more children than just the complaining witness." *King,* at 692; M.C.L. § 767.24(1).

The reasoning in *King* is inapplicable to the present case for multiple reasons. First, *King* was a habeas action. Plaintiff contends that pursuant to *King,* he possesses a liberty interest in maintaining his innocence without the threat of a parole denial. But this is a pure § 1983 action, not a § 2254 habeas action. Under *Greenholtz*, Plaintiff clearly does *not* have a liberty interest in parole that can be vindicated under § 1983. Moreover, in making this argument, he challenges the duration of his prison sentence, which is barred by *Heck.* "To the extent Plaintiff challenges the fact or duration of his confinement, however, he has but one remedy: an application for a writ of habeas corpus under § 2254." *Catanzaro v. Harry* 2012 WL 289253, *6 (W.D.Mich.2012)(citing *Rittenberry v. Morgan,* 468 F.3d 331, 336–37 (6th Cir.2006)).[2]

Second, Plaintiff's argument that his Fifth Amendment right against self incrimination

---

[2] On April 9, 2012, Plaintiff's petition for writ of habeas corpus was dismissed by the Honorable George Caram Steeh. Case no. 11-11284, *Docket #14.*

-6-

would be violated by his acknowledgment of guilt is without merit. The Fifth Amendment bars the prosecution from compelling a defendant's testimony in a criminal trial or advancing an adverse inference from his decision not to testify. *Kosinski v. C.I.R.*, 541 F.3d 671, 678 (6th Cir. 2008). That proscription on adverse inferences does not apply in a non-criminal case. *Id.* (citing *Baxter v. Palmigiano,* 425 U.S. 308, 318-19, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976)). Nor does it apply in the context of a parole hearing. *Ohio Adult Parole Auth. v. Woodard,* 523 U.S. 272, 286, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998) (a state clemency board may draw adverse inferences from an inmate's failure to testify on his own behalf at a clemency hearing). *See also Hawkins v. Morse*, 1999 WL 1023780, *2 (6th Cir. 1999)(unpublished)(court applies *Ohio Adult Parole Auth.* to the Michigan parole system, stating, "[I]t cannot be said that the alleged pressure to admit that he committed the crime for which he is incarcerated in order to improve his chances for parole forces Hawkins to incriminate himself in violation of the Fifth Amendment").

Plaintiff's reliance on *King* in support of his Fifth Amendment argument is unavailing. In *King,* the finding that the petitioner's Fifth Amendment rights could be implicated by admitting responsibility was based on the likelihood that she faced additional criminal charges arising from the same set of facts upon which she had been convicted. *King,* at 692(citing *Zicarelli v. New Jersey State Comm'n of Investigation,* 406 U.S. 472, 478, 92 S.Ct. 1670, 32 L.Ed.2d 234 (1972)(petitioner's "risk of incriminating herself by admitting guilt is a 'real danger,' not 'a remote and speculative possibility' of prosecution"). In contrast here, Plaintiff has not alleged that he anticipates additional charges or that he would be required to admit to activity beyond that for which he has already been convicted. Further, the fact that his direct appeals are over and his habeas petition has been dismissed almost certainly forecloses the chance that his admission of guilt would impact a possible

-7-

second trial on the same charges.

Finally, the requirement that he accept responsibility for his alleged acts before participating in the risk reduction program does not state a First Amendment free speech claim. While "[t]here is no question that inmates retain many of the protections of the First Amendment, such as rights to free expression," *Bazzetta v. McGinnis* 430 F.3d 795, 804 (6th Cir.2005); *Thornburgh v. Abbott,* 490 U.S. 401, 407, 109 S.Ct. 1874, 1878, 104 L.Ed.2d 459 (1989), "the fact of incarceration necessarily imposes 'limitations on constitutional rights, including those derived from the First Amendment.'" *Hall v. Callejas,* 2011 WL 6782146, *4 (W.D.Mich.2011)(citing *Jones v. N.C. Prisoners' Labor Union, Inc.,* 433 U.S. 119, 129, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977)). "A prisoner retains only those First Amendment rights that are not 'inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Id.,* (citing *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974)). "Thus, 'when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.'" *Id.,* (citing *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)).

"A prison clinical rehabilitation program" for sex crime offenders bears "a rational relation to a legitimate penological objective[.]" *McKune v. Lile,* 536 U.S. 24, 37-38, 122 S.Ct. 2017, 2027 153 L.Ed.2d 47(2002)(plurality). Moreover, "'States . . . have a vital interest in rehabilitating convicted sex offenders' and 'acceptance of responsibility for past offenses' is a 'critical first step' in a prison's rehabilitation program for such offenders[.]" *Hall,* at *5 (citing *McKune,* 536 U.S. at 33, 122 S.Ct. 2017). As such, the MDOC risk reduction program's requirement that an inmate convicted of sexual offenses take responsibility for his actions "survives First Amendment scrutiny because it is reasonably

related to a legitimate penological interest." *Id*.; *See also Newman v. Beard,* 617 F.3d 775, 781 (3rd Cir. 2010)(citing *Herrera v. Collins,* 506 U.S. 390, 399–400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993))( because the plaintiff "no longer 'comes before the Court as one who is innocent, but, on the contrary, as one who has been convicted by due process,' [i]t follows that the prison may structure its treatment programs and pursue legitimate penological objectives from that standpoint").

### IV.    CONCLUSION

For these reasons, I recommend that Defendants' Motion for Summary Judgment [Docket #12] be GRANTED, dismissing this action with prejudice. For the same reasons, I recommend that Plaintiff's Motion for Summary Judgment [Docket #11] be DENIED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length

unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objection.

                                                s/ R. Steven Whalen
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE

Date: August 16, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on August 16, 2012.

Aaron Ralph, #271641                    s/Johnetta M. Curry-Williams
G. Robert Correctional Facility           Case Manager
3500 N. Elm Road
Jackson, MI 49201