UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON RALPH,

    Plaintiff,                                Civil Action No. 11-15097
v.                                         HONORABLE DENISE PAGE HOOD

BARBARA SAMPSON, *et al.*,

    Defendants.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANTS' MOTION TO DISMISS, DISMISSING ACTION
### and
### ORDER DENYING ANY APPEAL *IN FORMA PAUPERIS*

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation filed August 16, 2012 **[Doc. No. 18]** on Plaintiff's Motion for Summary Judgment **[Doc. No. 11]** and Defendants' Motion to Dismiss **[Doc. No. 12]**. On September 26, 2012, Objections dated September 19, 2012 were filed by Plaintiff.[1]

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the

---

[1] On August 22, 2012, the Magistrate Judge filed an Order denying Plaintiff's Motion for Leave to File Amended Complaint. **[Doc. No. 19]** On September 7, 2012, a letter from Plaintiff was filed acknowledging the receipt of the Order denying the Motion for Leave to File Amended Complaint, with no Objections stated to the Order. **[Doc. No. 20]** Plaintiff's letter indicates that he did not receive a copy of the R&R regarding the dispositive motions. Another copy of the R&R was mailed to Plaintiff on September 12, 2012.

Magistrate Judge's recommendation, a party must file Objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs*., 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

After review of the Magistrate Judge's Report and Recommendation and Plaintiff's Objections, the Court finds that Magistrate Judge's findings and conclusions are correct. The Court agrees with the Magistrate Judge that Plaintiff's action presents a challenge to the Parole Board's decision which is barred by *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). The Court further agrees with the Magistrate Judge that under *Heck,* Plaintiff's requested relief would imply the invalidity of his conviction or sentence. Although Plaintiff's Objections argue that he is only challenging the Parole Board's procedure as to self-incrimination, not that he was denied parole, the Complaint and the ultimate relief sought is that the Parole Board not be allowed to consider Plaintiff's refusal to admit guilt, which would result in a "high probability of parole" since this is the primary, "if not [the] sole" reason for the Parole Board's denial of parole. (Comp., p. 4; Obj., p. 7) Cases that challenge a prisoner's underlying conviction or sentence that would necessarily shorten the duration of confinement can only be brought under habeas proceedings. *Terrell v. United States,* 564 F.3d 442, 446 (6th Cir. 2009). An action challenging parole procedures which would not necessarily result in a sentence reduction may be brought under section 1983. *Id.* Here, Plaintiff's requested relief would necessarily shorten the duration of his confinement.

The Court also agrees with the Magistrate Judge that even assuming that the Complaint could be construed to challenge the Parole Board's procedures, Plaintiff failed to state a viable claim under

Section 1983 since Plaintiff has no constitutionally protected liberty interest in parole. *See Greenholtz v. Inmates of Nebraska Penal & Corrections,* 442 U.S. 1 (1979). In his Objections, Plaintiff reasserts that *King v. Davis*, 688 F.Supp.2d 689, 691-92 (E.D. Mich. 2009) supports his Fifth Amendment claim to be free from self-incrimination under a section 1983 claim.

In *King,* the district court noted the Supreme Court plurality decision, *McKune v. Lile,* 536 U.S. 24, 33 (2002), which recognized that "States ... have a vital interest in rehabilitating convicted sex offenders" and "acceptance of responsibility for past offenses" is a "critical first ste" in a prison's rehabilitation program for such offenders. The district court did not find the *McKune* plurality persuasive. The district court cited the Criminal Law Section of the State Bar of Michigan's position that a prisoner's assertion of innocence should not, standing alone, be a basis for denying parole because there is not objective verifiable evidence that an assertion of innocence increases the likelihood of recidivism. *King,* 688 F.Supp. 2d at 692.

However, the Sixth Circuit, in a section 1983 action, has addressed a prisoner's acceptance of responsibility during a parole hearing, holding that a parole board's consideration of a prisoner's willingness to accept responsibility for committing a crime does not force the prisoner to admit his guilt. *Hawkins v. Morse,* 1999 WL 1023780 at *2 (6th Cir. Nov. 4, 1999)(unpublished). A prisoner is free to maintain his innocence. *Id.* Consideration of a convicted criminal's acceptance of responsibility survives both First Amendment and Fifth Amendment scrutiny. *Id.* ("Moreover, it cannot be said that the alleged pressure to admit that he committed the crime for which he is incarcerated in order to improve his chances for parole forces [plaintiff] to incriminate himself in violation fo the Fifth Amendment."). *See also, Newman v. Beard,* 617 F.3d 775, 781 (3rd Cir. 2010)(A prisoner is unable to show that the policy requiring admission of guilt during a parole board

hearing did not serve legitimate penological objectives or is not reasonably related to rehabilitation.). Based on the Sixth Circuit's reasoning in *Hawkins,* Plaintiff's 1983 claim for a declaratory judgment on his First and Fifth Amendment claims must be dismissed.

The Court agrees with the Magistrate Judge's recommendation that Plaintiff's Motion for Summary Judgment must be denied and Defendants' Motion to Dismiss for failure to state a claim must be granted.  Accordingly,

IT IS ORDERED that Magistrate Judge R. Steven Whalen's August 16, 2012 Report and Recommendation [**No. 18**] is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **[No. 11, 12/28/2011]** is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss **[No. 12, filed 1/27/2012]** is GRANTED.

IT IS FURTHER ORDERED that the case is DISMISSED with prejudice as to the section 1983 claim and without prejudice as to any future habeas claim from the denial of parole.

IT IS FURTHER ORDERED and certified that any appeal from this decision would be frivolous and not in good faith.  An appeal may not be taken *in forma pauperis* under 28 U.S.C. § 1915(a)(3).

Dated:  September 28, 2012         S/Denise Page Hood
                                    Denise Page Hood
                                    United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2012, by electronic and/or ordinary mail.

                                    S/LaShawn R. Saulsberry
                                    Case Manager