UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON RALPH,

    Plaintiff,                                        Civil Action No. 11-15097

v.                                              HONORABLE DENISE PAGE HOOD

BARBARA SAMPSON, *et al.*,

    Defendants.

_____/

## ORDER REGARDING MOTION FOR RECONSIDERATION
### and
## FINDING THAT ANY APPEAL WOULD NOT BE TAKEN IN GOOD FAITH

This matter is before the Court on Plaintiff Aaron Ralph's Motion for Reconsideration filed October 11, 2012. On September 28, 2012, the Court entered a Judgment and Order adopting the Magistrate Judge's Report and Recommendation dismissing Plaintiff's Compliant.

An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). Plaintiffs' motion is timely filed. The Local Rule further states:

1

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re*consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). However, courts have refused to excuse *pro se* litigants from failing to follow basic procedural requirements such as filing deadlines. Nor do the courts grant special or preferential treatment to *pro se* parties in responding to motions. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

Plaintiff asserts in his motion that the Court's ruling was incorrect. Plaintiff's motion reargues and rehashes the issues raised before the Court. The Court finds that Plaintiff's motion merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication. Plaintiff has failed to demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled. Plaintiffs has not shown the Court clearly erred in its ruling.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration [**Docket Entry No. 24**] is

DENIED.

IT IS FURTHER ORDERED that any appeal from this Court's Order is frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997).


                         S/Denise Page Hood  
                         Denise Page Hood  
                         United States District Judge

Dated: February 5, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 5, 2013, by electronic and/or ordinary mail.

                         S/LaShawn R. Saulsberry  
                         Case Manager